IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RODERICK TEMPLE**, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED, | § § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | CASE NO. 4:18-cv-00748 |
| **B PROPERTIES – 2001 S. STAPLES, LLC** | § § § | |
| *Defendant*. | § § § | **JURY REQUESTED** |

## ORIGINAL COMPLAINT AND JURY REQUEST

TO THE HONORABLE JUDGE OF THIS COURT

COMES NOW Roderick Temple ("Plaintiff"), complaining of B Properties – 2001 S. Staples, LLC, ("Defendant"), and for cause of action he respectfully shows unto this Court the following:

### PARTIES AND SERVICE

1. Plainitff is a citizen of the United States of America and the State of Texas and resides in Wharton County, Texas. Defendant is Plaintiff's former employer. His written consent opting in to this collective action is attached as Exhibit A.

2. Defendant is a Texas company with its principal office located in Corpus Christi, Texas. B Properties – 2001 S. Staples, LLC can be served with process through its registered agent for service of process, Bill Bell, Sr. at 2001 S. Staples, Corpus Christi 78404-3218, in any manner the Federal Rules of Civil Procedure permit.

3. The Collective Members are maintenance staff employed by Defendant within the last three years who were paid an hourly rate with no overtime pay. These employees are

1

administrative staff and are responsible for bookkeeping, collections and various other administrative duties.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. All parties are subject to personal jurisdiction in the Southern District of Texas. Defendant made itself subject to this Court's jurisdiction by maintaining a physical presence and business operations in this District.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) & (c) because Defendant resides in this District and most of the relevant facts occurred in this District.

## NATURE OF THE ACTION

7. This is a private civil action brought against Defendant pursuant to Section 16(b) of 29 U.S.C. § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Defendant did not pay its maintenance professionals overtime as required by FLSA. Instead, Defendant only paid them a salary with no overtime pay for hours worked over forty (40) in a week. This collective action seeks to recover the unpaid overtime wages and other damages owed to these employees.

## CONDITIONS PRECEDENT

8. All conditions precedent to jurisdiction have occurred or been complied with.

## FACTS

9. Defendant owns, manages, and operates apartment and hotel properties.

10. Upon information and belief, Defendant employs maintenance workers across the state, and possibly the country, who are responsible for maintenance duties, including fixing and

maintaining mechanical equipment, plumbing work, flooring repair, grounds upkeep, and heating and air conditioning system repair.

11. Plaintiff and the Collective Members are and were Defendant's Maintenance Workers and are and were paid on an hourly basis during their employment with Defendant.

12. Defendant is a covered enterprise because it is a business engaging in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) for at least each of the last three years.

13. Defendant's employees routinely use or handle goods or materials, including vehicles, tools, equipment, telephones, computers, and fax machines that are produced for interstate commerce or actually travel in interstate commerce. Defendant also used the United States Postal system to send mail across state lines and interstate banking systems to pay Defendant's employees.

14. Defendant determined the hours Plaintiff and the Collective Members worked.

15. Defendant determined Plaintiff's and the Collective Members' duties as well as work locations.

16. Defendant made personnel and payroll decisions, including Plaintiff's and the Collective Members' pay rates, their job assignments and the decision to not pay them overtime.

17. Defendant owns or controls the equipment and supplies Plaintiff and the Collective Members use to perform their work.

18. Defendant has the power to hire and fire Plaintiff and the Collective Members.

19. Defendant determined the rate and method of payment for Plaintiff and Collective Members.

20. Defendant pays Plaintiff and the Collective Members are and were paid straight time only, or at the same hourly rate for every hour worked over forty (40) per workweek as it did for every hour worked under 40.

21. Defendant's policy of paying straight time only applied to all maintenance workers employed by Defendant.

22. Defendant's policy of paying straight time only applied to all hourly-paid staff employed by Defendant.

23. Plaintiff and the Collective Members regularly worked in excess of fifty (50) hours per week. For example, during the two week pay-period ending August 15, 2017, Plaintiff worked 120 hours and was paid at the straight time hourly rate of $10.00 for every hour. Plaintiff was not paid at an overtime rate for any hours.

24. Plaintiff and the Collective Members regularly worked more than 40 hours in a workweek. Defendant did not pay them the extra one-half-time required by the FLSA. Instead, Defendant paid Plaintiff and the Collective Members straight time only.

25. Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

**COLLECTIVE ACTION ALLEGATIONS**

26. In addition to Plaintiff, Defendant employs many other Maintenance Workers who have the exact same job description as Plaintiff and are paid in the same manner as Plaintiff: straight time and no overtime pay for hours worked over forty (40). All of Defendant's Maintenance Workers performed various maintenance duties, including fixing and maintaining mechanical equipment, plumbing work, flooring repair, grounds upkeep, and heating and air conditioning system repair.

27. These non-exempt employees are entitled to overtime pay for the same reasons as Plaintiff, and are, therefore, similarly situated to Plaintiff. These employees are collectively referred to as the "Collective Members."

28. Dozens of these employees have worked for Defendant over the last few years. Defendant's failure to pay overtime compensation at the rates required by the FLSA is a result of generally applicable pay policies or practices and does not depend on the personal circumstances of the Collective Members. Thus, Plaintiff's experience is typical of the experience of the Collective Members. Accordingly, Defendant's payroll scheme extends well beyond Plaintiff.

29. The specific job titles, precise job requirements or job locations of the various Collective Members do not prevent collective treatment. All Collective Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Collective Members.

30. These Collective Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the collective members are properly defined as:

**"All maintenance workers employed by Defendants in the past 3 years and who worked in excess of 40 hours in one or more workweeks and were not paid at one and one-half times their regular rate of pay for all hours worked in excess of 40 in one or more workweeks."**

### CAUSE OF ACTION- FLSA VIOLATION

31. By failing to pay Plaintiff and the Collective Members overtime at one-and-one-half times their regular rates, Defendant violated the FLSA's overtime provisions.

32. During the relevant period, Defendant violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

33. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Collective Members. Defendant was aware that overtime pay was required for hourly employees but ignored the FLSA.

34. Defendant owes Plaintiff and the Collective Members the difference between the hourly rate earnings and the proper overtime rate. Because Defendant knew, or showed reckless disregard for whether, their pay practices violated the FLSA, Defendant owes these wages for at least the past two years.

35. Defendant is liable to Plaintiff and the Collective Members for an amount equal to all unpaid overtime wages.

36. Plaintiff and the Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY REQUEST

37. Plaintiff hereby requests a trial by jury.

## RELIEF REQUESTED

Plaintiff respectfully requests relief as follows:

1. An Order allowing this action to proceed as a collective action under the FLSA and directing notice to the Collective Members;

2. Judgment awarding Plaintiff and the Collective Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the Collective Members are justly entitled.

Respectfully submitted,

**REED, PLLC**

By: */s/ Derrick A. Reed*
**Derrick A. Reed**
Attorney-in-Charge
Federal I.D. No.: 899172
State Bar No.: 24053780
Email: derrick@srapllc.com
1920 Country Place Pkwy, Suite 350
Pearland, Texas 77584
Telephone: (281) 519-7606
Facsimile: (281) 506-8693

**ATTORNEYS FOR PLAINTIFF**

CO-COUNSEL:

**Marrick Armstrong**
Federal I.D. No.:  611068
State Bar No. 24057695
Email:  marrick@armstronglegalpllc.com

**ARMSTRONG LEGAL PLLC**
2016 Main Street, Suite 111
Houston, Texas 77002
Telephone: (832) 622-6562
Facsimile: (281) 809-8735